ANDERSON BOYD, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 10-76-157, CA 7241)
562 P2d 567

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Karen H. Green, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

[ 71 ]

## SCHWAB, C. J.

Petitioner appeals from an order of the disciplinary committee finding that he violated Corrections Division Rule 7, Possession of Contraband. The pertinent portions of the disciplinary committee's order are:

"Inmate Boyd denied knowledge of the money in his cell, and disclaimed any possession * * *.

"FINDING OF FACT

"On October 12, 1976 * * * Officer John Haynie was shaking down cell C-214, occupied by Inmate Boyd Anderson and Inmate Ernest Wesley.

"Inmates occupying cells together in C block do so because they have requested permission to cell together; and furthermore, do so with the understanding that they are each responsible for what is found in their cell.

"Officer Haynie did find in said cell six $20 bills, and two $2 bills, concealed in coffee jar lids.

"Inmates are not permitted to be in possession of monies in the institution in that it is classed as dangerous contraband."

The record is devoid of any evidence as to where Officer Haynie found the coffee jar lids. In *Hanlon v. OSP,* 24 Or App 859, 547 P2d 642, Sup Ct *review denied* (1976), we held in effect that when a record is completely barren of evidence showing where within a two-men cell contraband is found, the person being charged with possession denies any knowledge of the presence of the contraband and there was no other evidence from which knowledge can be imputed to him, such a record is insufficient to support a charge of possession. The state argues that *Hanlon* is distinguishable, stating in its brief:

"* * * Since inmates are permitted to possess jars of coffee or tea in their cells, and since Officer Haynie's report did not indicate that the lids were *secreted,* it is reasonable to assume that the lids were still attached to the jars * * *."

We agree that it is reasonable to so assume—it is equally reasonable to assume that the lids were not attached to the jars and were underneath a mattress,

inside a mattress cover, a light fixture or elsewhere. We do not find *Hanlon* distinguishable on its facts.

If there was evidence in some form or other to support the finding that the petitioner and inmate Wesley were cellmates by request with the understanding that they would be held individually responsible for anything found in their cell, the conclusion that petitioner had violated the rule dealing with possession of contraband might well be supportable. However, there is no such evidence. The only thing that appears in the record on this point is:

> "SHAW [Hearing Officer]: And when you are celling together with your cell partner of your choosing, you are equally responsible for what is found in the cell.
>
> "BOYD: If I— am I responsible for somethin' they find after I leave?
>
> "SHAW: They're—yes, you're responsible for anything that's found in that cell, that is correct. This was found . . ."

Reversed.